# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **CGA STECK, LTD.** § | | |
| § | | |
| VS. § | | 1:18-CV-00786-LY |
| § | | |
| **THE NATURE CONSERVANCY** § | | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion to Dismiss (Dkt. No. 9), Plaintiff's Response (Dkt. No. 10), and Defendant's Reply (Dkt. No. 13); Plaintiff's Motion for Leave to File a Second Amended Complaint (Dkt. No. 21), Defendant's Response (Dkt. No. 22), and Plaintiff's Reply (Dkt. No. 23). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules.

### I.  GENERAL BACKGROUND

This is a property dispute between Plaintiff CGA, Steck, LTD. ("CGA") and Defendant The Nature Conservancy ("TNC"). CGA is a Texas Limited partnership. TNC is a nonprofit corporation that maintains its principal office in Virginia. CGA brings this diversity suit seeking a declaration related to a restrictive covenant on a parcel of property it owns in Travis County, Texas. TNC, through its predecessor in-interest, the Nature Conservancy of Texas, was the owner of roughly 340 acres of property in Travis County, widely known as the Uplands Tract. In February 1994, TNC, as Declarant, filed a Declaration of Covenants, Conditions, and Restrictions (the "Declaration") that established two setbacks on the Uplands Tract, including a 1,000 foot minimum setback from the center line of Barton Creek for all or any portion of the Uplands Tract located within the said 1,000 foot area. The Declaration states that:

> No construction, development, landscaping or any other type of site disturbance shall be permitted within said setbacks other than water quality, detention or sedimentation ponds in, but only in, the 1000 foot setback from Major Tributaries to ensure that the water quality goals of nondegredation are achieved.

Dkt. No. 6 at 3. The Uplands Tract was eventually platted into two subdivisions, with the first (Uplands West) being subdivided into over 100 small commercial and residential lots. In October 2002, the second subdivision (Uplands East), made up of roughly 46 acres subdivided into five large lots, was created. In October 2006, CGA purchased Lot 1. It has remained undeveloped ever since.

Unlike Uplands West, where there are hundreds of property owners, there are only two property owners in Uplands East—CGA and the Lake Hills Church ("Church"), which owns the other four lots in Uplands East. CGA alleges that its parcel—Lot 1—is so burdened by the setback restriction that it cannot be developed. In this suit, CGA contends that the Church materially violated the 1,000 foot setback when it built its worship facility in January 2004, and violated the setback restriction again when it built the Church's secondary access drive. CGA claims these violations were open and obvious from their initial construction. Based on these violations, CGA approached TNC and sought a modification of the setback that would allow CGA to develop its parcel as well, but TNC refused to agree to the modification. As a result, CGA filed this suit.

TNC moved to dismiss the case for failure to join indispensable parties, specifically, all of the other property owners in the Uplands Tract. On May 30, 2019, the Court held a hearing on TNC's motion. In its briefing, CGA had taken the position that none of the relief it sought in the lawsuit would have any impact on the rights of the Uplands West property owners, and that it believed the Complaint made that clear. TNC disagreed, and argued that several items of the declaratory relief requested in the Complaint would directly impact property owners in Uplands

West. At the hearing, the Court questioned CGA's counsel regarding the claim that it was not seeking any relief against any property owner in the Uplands Tract beside TNC. In response, CGA's counsel stated unequivocally that CGA was only seeking relief against TNC, and was not seeking any relief, declaratory or otherwise, against any of the other property owners in the Uplands Tract, notwithstanding anything in the Complaint that might suggest to the contrary. Because the indispensable parties issues are complex, and because the Court might be able to avoid reaching those issues if it is clear that CGA is only seeking relief against TNC, and not against any of the other Uplands Tract property owners, the Court instructed CGA to file a Second Amended Complaint to bring its pleadings into alignment with its statements from the hearing. Further, the Court directed the parties to confer about the amendment, so that there would not be the same sort of disagreement regarding the legal effect of the pleading language as developed on TNC's indispensable parties motion. CGA thus prepared its Second Amended Complaint, and presented that to TNC. TNC then reviewed the proposed amendment to see if it agreed that the language was sufficiently narrow such that any ruling flowing from the amended complaint would only bind TNC, and would not impact the rights of any of the other Uplands Tract property owners. Unfortunately, TNC did not agree that the proposed amended complaint eliminated the indispensable parties issue. Dkt. No. 19. Thus, CGA filed its Motion to File a Second Amended Complaint, Dkt. No. 21, which TNC opposes.

## II. STANDARD OF REVIEW

Under the *Erie* doctrine, federal courts apply substantive state law when adjudicating diversity claims, but apply federal procedural law to the proceedings. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Given that the joinder rules are procedural, the Federal

3

Rules govern here. And though the issue before the Court is presented both in a motion to dismiss, and in a motion for leave to file an amended complaint, the issue is, for all intents and purposes, solely one of necessary parties, not amendment.[1] Rule 12(b)(7) permits the filing of a motion to dismiss for "failure to join a party under Rule 19." A court deciding a Rule 12(b)(7) motion "must accept all factual allegations in the complaint as true and draw inferences in favor of the non-moving party." 5C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1359 (3d ed. 2004) "[C]ourts are reluctant to grant motions to dismiss of this type." *Id*.

Rule 19 states that a person must be joined as a party when (1) the person's absence will prevent the court from "accord[ing] complete relief among existing parties," or (2) the person has an interest in the subject of the case, and disposing of it in the person's absence will either "impair or impede the person's ability to protect the interest," or create a risk of multiple or inconsistent obligations for an existing party because of the interest. FED. R. CIV. P. 19(a)(1). If it is not feasible to join the required person, a court "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." FED. R. CIV. P. 19(b). Four factors are relevant to this analysis: (1) "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;" (2) the degree to which "protective provisions in the judgment," "shaping the relief," or "other measures" might mitigate any prejudice; (3) "whether a judgment rendered in the person's absence would be adequate;" and (4) "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." *Id*.

---

[1] TNC opposes the filing of the amended complaint on the ground that the amendment is "futile," as it will not cure the problem that there are, in TNC's view, indispensable parties that have not been joined. Thus, the issue raised in the motion to dismiss and the issue presented in the motion for leave to amend is one and the same—are the other Uplands property owners indispensable to the resolution of the claims stated in the proposed amended complaint?

"Determining whether to dismiss a case for failure to join an indispensable party requires a two-step inquiry." *Hood ex rel. Miss. v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009). "Rule 19(a) provides a framework for deciding whether a given person should be joined," and Rule "19(b) guides the court in deciding whether the suit should be dismissed if that person cannot be joined." *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986). "If the necessary party cannot be joined without destroying subject-matter jurisdiction, the court must then determine whether that person is 'indispensable,' that is, whether litigation can be properly pursued without the absent party." *Hood*, 570 F.3d at 629 (citations omitted). "While the party advocating joinder has the initial burden of demonstrating that a missing party is necessary, after 'an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder.'" *Hood*, 570 F.3d at 628 (quoting *Pulitzer-Polster*, 784 F.2d at 1309); *National Cas. Co. v. Gonzalez*, 637 Fed.Appx. 812, 814-15 (5th Cir. 2016) (unpublished). Finally, no inquiry under Rule 19(b) is necessary when the threshold requirements of Rule 19(a) have not been satisfied. *Temple v. Synthes Corp.*, 498 U.S. 5, 8 (1990).

### III. ANALYSIS

TNC argues that CGA's suit should be dismissed because CGA has failed to join necessary parties. It further argues that the declaratory relief that CGA requests in the Second Amended Complaint has not been sufficiently narrowed to eliminate the other Uplands Tract property owners as necessary parties. In response, CGA states that the "only relief sought by [CGA is] to forestall The Nature Conservancy's enforcement of the setback against Plaintiff's property, Lot 1 of the Uplands East, and the Plaintiff [does] not seek a broader determination of the enforcement rights of

5

property owners in the Uplands West subdivision." Dkt. No. 21 at 1-2. The specific language of the Second Amended Complaint states:

> Plaintiff seeks a judgment declaring and adjudicating that (1) Declarant [TNC] has for all purposes waived or is estopped from enforcing the 1,000 foot minimum setback restriction contained in the Declaration as it applies to Lot 1 of The Uplands East Commercial Park; (2) TNC may not enforce the 1,000 foot minimum setback restriction with respect to Lot 1, and Plaintiff is entitled to develop or to sell the entirety of Lot 1 unburdened from and unencumbered by TNC's claimed rights to enforce the 1,000 foot minimum setback restriction; and (3) that Plaintiff is the legal and equitable owner of the Irrigation Rights described in Exhibit "D."

Dkt. No. 21, Exhibit 2, at 8-9.[2] TNC argues that even though CGA has "carefully re-worded" this language in an attempt to narrow the relief sought, the Court should still grant its motion to dismiss and deny the motion for leave to amend. TNC claims that even with the revisions, the Second Amended Complaint is still subject to dismissal "for failure to join indispensable nondiverse parties whose interests would be prejudiced by a finding of waiver of the setback in this lawsuit." Dkt. No. 22 at 5. TNC contends that if this Court were to find that TNC waived its right to enforce the restrictive covenant against CGA, that finding "would undoubtedly create a negative precedent that materially affects the rights of all property owners." *Id.* Relying on *Pulitzer-Polster*, TNC contends that this mandates that the Court deny CGA leave to amend, and dismiss the case.

The Court disagrees. TNC has failed to show that the other property owners fall within the scope of Rule 19(a). CGA's proposed amended complaint clearly limits the requested declaratory relief to TNC and no one else.[3] Thus, Rule 19(a)(1)(A) is not applicable here, as no one claims that

---

[2]TNC does not claim that any other parties are necessary to decide the irrigation rights issue, and the Rule 19 issue is limited to CGA's claims related to the setback restriction.

[3]CGA has apparently decided to only pursue such limited relief based on the belief that the other property owners are not interested in enforcing the setback restriction against CGA, and a ruling that binds TNC is all it needs to protect its interests.

the Court must join a third party in order to accord complete relief among the existing parties—CGA and TNC. Rather, TNC argues that the adjudication of the rights and duties of CGA and TNC vis-a-vis one another could create a negative precedent that would materially affect the other property owners, implicating Rule 19(a)(1)(B). TNC bases its argument on the Fifth Circuit's decision in *Pulitzer-Polster*. In *Pulitzer-Polster*, there was a federal court suit pending where one family member was suing another, while simultaneously, another suit was pending where different family members were suing the same party in state court. The federal court was concerned that the federal suit might lead to a ruling that, though not binding on the state court, could nonetheless be persuasive there, and concluded that such an outcome would prejudice the non-party family members. *Pulitzer-Polster,* 784 F.2d at 1307-08. Here, there is no second lawsuit, nor is there any evidence that any of the other Uplands Tract property owners are contemplating filing one. This motion has been pending for several months, and TNC would obviously benefit if one or more Uplands Tract property owners expressed an interest in this case, and yet no such party has done so. Given this, it is entirely speculative here whether any third-party would suffer the sort of prejudice the court was concerned about in *Pulitzer-Polster*. There it was certain.

Further, the Court agrees with CGA that the scope of relief requested in the Second Amended Complaint is limited to asking for a declaration of its rights vis-a-vis TNC only. Thus, if a property owner in the Uplands Tract decided it wanted to enforce the setback restriction against CGA in the future, this case, and any judgment that results from it, would not preclude that. The most "prejudice" that another property owner faces from this case moving forward without them is the fact that a judgment here might be persuasive in a later-filed suit. Several factors mitigate even this minimal risk of prejudice, however. First, as noted, there is no sign that other property owners are

interested in pursuing a suit against CGA. Second, it is apparent that TNC intends to aggressively defend the restrictive covenant against CGA's claims of waiver. Though TNC's motivation for doing so might not align entirely with another Uplands property owner's motivation, the outcome TNC is pursuing almost certainly will. This is a binary situation—either the restrictive covenant is enforceable against CGA, or it isn't. TNC's position here is clearly that the restriction remains in force, and it appears to have sufficient resources to pursue that position fully.

In sum, the Court concludes that there is not any other party whose presence is necessary for the Court to "accord complete relief among existing parties." Further, the evidence is weak that there is "a person claiming an interest in this case" other than the two parties already present. The other property owners in the Uplands Tract have had ample opportunity to express an interest, and none have done so. Even assuming that the Court should treat the other property owners as parties "claiming an interest in the case," the evidence is lacking that "disposing of the action in [their] absence" would "impair or impede" their interest, or would expose an existing party "to a substantial risk of incurring inconsistent obligations." *See* FED. R. CIV. P. 19(a)(1)(A) and (B).[4] Accordingly, the undersigned recommends that the district judge reject the Rule 19 argument TNC has raised both in its motion to dismiss, and in its opposition to CGA's motion seeking leave to file the Second Amended Complaint.

## IV. RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion for Leave to File a Second Amended Complaint (Dkt. No. 21) and direct the Clerk

---

[4]CGA is the only existing party exposed to any risk of incurring inconsistent obligations, but as noted earlier, it is assuming that risk knowingly, and, regardless, that is not a risk *TNC* can point to in support of its motion, but rather is an issue that would need to be raised by CGA.

to file the Second Amended Complaint in this case, and **DENY** Defendant's Motion to Dismiss (Dkt. No. 9).[5]

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 19th day of July, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[5] As noted earlier, by overruling TNC's "futility" objection to the Second Amended Complaint, which is based on the same Rule 19 argument as was contained in the Motion to Dismiss, the Court is reaching the merits of that argument, albeit in a slightly different posture.